IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JAIMEE UNDERWOOD, et al. )
)
v. ) NO. 3:04-0680
) JUDGE CAMPBELL
JAMES FITZGERALD, et al. )

MEMORANDUM

Pending before the Court are Plaintiff Underwood's Motion for Partial Summary Judgment, Expenses and Attorneys Fees (Docket No. 106) and Plaintiff Underwood's Motion to Strike Continental's Response to Statement of Undisputed Facts and to Accept the Facts Stated as Undisputed (Docket No. 129).

For the reasons stated herein, Plaintiff's Motion for Partial Summary Judgment (Docket No. 106) is GRANTED; Plaintiff's Motion for Expenses and Attorneys Fees (Docket No. 106) is GRANTED in part and DENIED in part; and Plaintiff's Motion to Strike Continental's Response to Statement of Undisputed Facts and to Accept the Facts Stated as Undisputed (Docket No. 129) is DENIED as moot.

FACTS

This action arises from a fatal traffic accident in Nashville, Tennessee, on July 19, 2004. Plaintiffs contend that Defendant Fitzgerald, driving a fully-loaded tractor trailer owned by Defendant Continental Express, Inc. ("Continental"), crashed into Plaintiff Underwood's vehicle, which was parked in the emergency lane on the inside left shoulder of Interstate 40 in Nashville, crushing Plaintiff Underwood and Officer Christy Dedman between Plaintiff's car and Officer Dedman's police car. As a result of this crash, Officer Dedman was killed and Plaintiff Underwood was severely injured.

Plaintiff Underwood's Amended Complaint alleges that Defendant Continental Express, Inc. hired Defendant Fitzgerald at a time when Fitzgerald's commercial driver's license had been revoked and when Continental knew that Fitzgerald was not eligible for reinstatement of that license until May 8, 2005. Thus, Plaintiff contends, Continental hired Fitzgerald and also authorized Fitzgerald to drive one of Continental's commercial motor vehicles, despite having actual knowledge that Fitzgerald was "disqualified" to do so pursuant to the Federal Motor Carrier Safety Regulations.

Plaintiff Underwood's Motion for Partial Summary Judgment seeks a ruling from the Court that Defendant Fitzgerald was, at the time Continental offered him a job, at the time Continental hired him, and at the time of this wreck, "disqualified" from operating a commercial motor vehicle. Plaintiff also seeks attorneys fees and expenses incurred as a result of Continental's express denial of the fact that Fitzgerald was disqualified, in its Answer and Request for Admissions. Plaintiff claims that Continental denied this allegation in bad faith because its own officers have admitted that Fitzgerald clearly was disqualified.

Defendant Continental does not oppose Plaintiff's Motion for Partial Summary Judgment. Docket No. 127. Continental also concurs with the facts set forth by the Plaintiff, except for certain opinions expressed in the Affidavit of Plaintiff's Counsel. Id. Continental opposes Plaintiff's request for expenses and attorneys fees, arguing that it has defended this lawsuit in good faith.

Plaintiff's Motion to Strike seeks to strike Continental's Response to Undisputed Facts as untimely filed. Continental opposes the Motion to Strike.

MOTIONS FOR SUMMARY JUDGMENT

2

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

PLAINTIFF UNDERWOOD'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Underwood's Amended Complaint alleges that Defendant Continental knew, at the time it hired Defendant Fitzgerald and at the time it authorized him to operate the vehicle involved in this wreck, that Fitzgerald was "disqualified" to drive a commercial motor vehicle. Continental, in Answer to the Amended Complaint and in Response to Requests for Admissions, has denied this fact. Yet, Continental's representative admitted in deposition that Continental concluded "for certain," within two weeks of the wreck, that Fitzgerald was disqualified. Docket No. 106-8 (Deposition of Pete Campbell), p. 132; see also Docket No. 106-7 (Deposition of Victor James White II), pp.48-49.

Despite Continental's representation, in its opposition brief, that it concurs with the facts as stated by the Plaintiff except for certain opinions of counsel, Continental's Response to Plaintiff's Statement of Undisputed Facts disputes several of the facts therein. Docket No. 128. In light of the first-filed representation in the brief, the Court does not view Continental's denials in its Response (Docket No. 128) as credible.

In any event, Plaintiff's Motion for Partial Summary Judgment is unopposed and is GRANTED. The Court finds that Defendant Fitzgerald was "disqualified" from operating a commercial motor vehicle (a) at the time Continental offered him a job on or about July 1, 2004, (b) at the time Continental hired him on or about July 9, 2004, and (c) at the time of the crash on July 19, 2004.

## MOTION FOR EXPENSES AND ATTORNEYS FEES

Plaintiff Underwood also seeks her reasonable expenses and attorneys fees incurred "in the wake of" the Court's entering partial summary judgment in her favor. Rule 37 of the Federal Rules of Civil Procedure provides, in pertinent part:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 36, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (A) the request was held objectionable pursuant to Rule 36(a), or (B) the admission sought was of no substantial importance, or (C) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

The Court does not find Continental's explanations concerning what it knew about Fitzgerald's disqualification and when it knew it to be credible. Continental has admitted that it

4

concluded for certain that Fitzgerald was disqualified within two weeks of the July 19, 2004 wreck. Yet Continental filed its Answer to the Amended Complaint on September 30, 2004, and denied that same fact. In addition, Continental, in Response to Plaintiff's Requests for Admissions on October 1, 2004, denied that Fitzgerald was disqualified from having a commercial driver's license at the time he was hired by Continental and at the time of the wreck. Docket No. 106-6, Nos. 52 and 54.

The Court finds Continental's denial of clearly admitted and proven facts is not a good faith defense of this litigation. Continental contends it had good reason for the failure to admit, but the Court finds that Continental has not carried its burden of showing a good reason for its failure to admit that Defendant Fitzgerald was disqualified at the time it offered him a job, at the time it hired him, and at the time of this wreck.

Accordingly, Plaintiff shall be awarded, against Defendant Continental, reasonable attorneys' fees and expenses incurred in bringing the Motion for Partial Summary Judgment. Plaintiff shall not be awarded reasonable attorneys' fees and expenses for depositions taken, because those depositions included additional matters and likely would have occurred in any event.

Plaintiff shall submit, on or before September 15, 2005, her application for reasonable attorneys' fees and expenses in bringing the Motion for Partial Summary Judgment. Continental shall have ten days thereafter, or until September 26, 2005, to file any Response. The calculation of the amount of attorneys' fees and expenses owed is referred to the Magistrate Judge for a Report and Recommendation.

## MOTION TO STRIKE

In light of the above decisions, Plaintiff's Motion to Strike is DENIED as moot.

5

Case 3:04-cv-00680   Document 133   Filed 08/31/05   Page 5 of 6 PageID #: 420

CONCLUSION

For the above reasons, Plaintiff Underwood's Motion for Partial Summary Judgment (Docket No. 106) is GRANTED; Plaintiff's Motion for Expenses and Attorneys Fees (Docket No. 106) is GRANTED in part and DENIED in part; and Plaintiff's Motion to Strike is DENIED as moot.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE