```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

JAIMEE UNDERWOOD,                    )
                                     )
     Plaintiff,                      )
                                     )
     v.                              )   NO. 3:04-0680 **(LEAD CASE)**
                                     )
JAMES FITZGERALD, et al.,            )   Judge Campbell/Brown
                                     )   **Jury Demand**
     Defendants.                     )


JESSE JAMES DEDMAN, et al.,          )
                                     )
     Plaintiffs,                     )
                                     )
     v.                              )   NO. 3:04-0764
                                     )
CONTINENTAL EXPRESS, INC.,           )   Judge Campbell/Brown
et al.,                              )   **Jury Demand**
                                     )
     Defendants.                     )

**TO: The Honorable Todd J. Campbell**

### REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

Presently pending before the Magistrate Judge is the plaintiff Underwood's motion for attorneys' fees and expenses (Docket Entry No. 135). The defendants have responded (Docket Entry No. 148). This matter was referred to the undersigned for a Report and Recommendation as to the amount of the award by the District Judge (Docket Entry No. 133). In the order of referral, the District Judge directed the plaintiff be awarded, against the defendant Continental, reasonable attorneys' fees and expenses incurred in bringing the motion for partial summary judgment. This award will not include attorneys' fees and expenses for taking depositions.

For the reasons stated below, the Magistrate Judge **recommends** that plaintiff's application for attorneys' fees and expenses be **granted** in part and that they be awarded attorneys' fees of $4,800.

## II. BACKGROUND

This has been an extremely contentious case from the beginning. The undersigned has had numerous hearings, both by telephone and in court, with the parties over a multitude of issues. Both sides, in the Magistrate Judge's view, have over tried this tragic case. Counsel on both sides have fought over items that counsel should have been able to sit down and resolve in face-to-face meetings. Instead, all counsel at times have shown a hair trigger to file a motion requesting various relief.

As is obvious from Judge Campbell's order, and the lack of opposition filed by Continental to the motion for summary judgment, the defendant Continental conceded the summary judgment issue. Given the pleadings in this matter, the Magistrate Judge is amazed that they would not have conceded the issue by amending their answer to the complaint or supplemented their other pleadings.

In preparing a Report and Recommendation on this matter, the Magistrate Judge has reviewed the various pleadings filed by the plaintiffs in support of their motion for summary judgment and attorneys' fees, as well as the various responses filed by the defendant Continental.

In view of the Chief Judge's order, the awarding of fees and expenses is not in doubt and need not be further discussed. The only issue for the Magistrate Judge is the amount of reasonable attorneys' fees and reasonable expenses.

As an initial matter, the Magistrate Judge finds that the hourly rate for Mr. Hayes of $250 and Mr. Lehman of $200 are reasonable and well within the accepted range of fees charged by attorneys of their experience. Continental does not dispute the hourly rates.

The plaintiffs have provided a breakdown of their fees (Docket Entry No. 135-2). They have not requested an award for any expenses (Docket Entry No. 135-2, ¶7). They have requested attorneys' fees in the amount of $17,450. Continental objects (Docket Entry No. 148) that the time requested for reviewing and summarizing depositions, arguing that the District Judge had specifically disallowed the plaintiffs' requested recovery of fees for taking various depositions. They argue that allowing an award for reviewing and summarizing the depositions would be a back door way of seeking what the District Judge has denied them.

The Magistrate Judge disagrees in part with this analysis. From a review of the original motion for partial summary judgment, it is apparent that the depositions of White and Campbell, excerpts of which were filed at Docket Entry Nos. 106-7 and 106-8, were critical to the plaintiffs' motion for partial summary judgment. In order to prepare the motion, which extensively refers to these two depositions, it would be necessary for plaintiffs' counsel to review and summarize those two depositions. It does not appear that the depositions of any other parties are cited by the plaintiffs in their original motion for partial summary judgment. Although the Magistrate Judge does not have the full depositions of either White or Campbell, it appears that White's deposition (Docket Entry No. 106-7) was at least 175 pages and Campbell's deposition (Docket Entry No. 106-8) was at least 157 pages.

3

Unfortunately, the affidavit of Mr. Hayes (Docket Entry No. 135-2) does not break down how much time was spent reviewing many of the depositions. There is a time slip for 5-4-05 stating that Mr. Hayes spent 1.8 hours summarizing the deposition of Deb Pate.

The next entry dated 6-9-05 shows 2.4 hours reviewing video depositions, as well as a number of other matters apparently which did not deal with the motion for partial summary judgment. Without a breakdown, the Magistrate Judge is unable to tell how much time was spent reviewing video depositions or which depositions there were. However, the cover sheet to both White and Campbell's depositions indicates a video photographer was present.

The entry for 6-8-05 shows 4.4 hours reviewing and summarizing depositions for the motion for summary judgment. It does not give a breakdown as to which depositions were reviewed.

Likewise, the next entry of 7-5-05 shows 3.8 hours reviewing and summarizing depositions for the motion for summary judgment.

The next entry of 7-6-05 shows 4.8 hours in meeting with co-counsel continuing summarizing and beginning the outline for summary judgment. It does not appear that the meeting with co-counsel would necessarily involve the motion for summary judgment, and again, there is no breakdown as to how much of the 4.8 hours was spent on which aspect of the case.

The entry of 7-7-05 again shows 2.4 hours summarizing depositions and research regarding summary judgment without a breakdown as to what part of the 2.4 hours was spent on summary and how much was spent on research.

The billing items for Mr. Lehman on 5-7-05 shows 3.25 hours reviewing the deposition of Deb Pate. It should be noted

4

that this is after Mr. Hayes showed 1.8 hours summarizing this deposition on 5-4-05.

The next two entries for 7-20-05 and 7-21-05 show a total of 9.7 hours reviewing depositions for disqualifying admissions.

The following entry for 7-6-05 is for a review and discussion of filing of motion for summary judgment based on deposition admissions of 3.75 hours.

The final entry for Mr. Lehman is 7-11-05 for 2.75 hours, for reviewing the motion for summary judgment and verifying cites.

A careful review of plaintiffs' memorandum in support of their motion for partial summary judgment and attorneys' fees (Docket Entry No. 108) does not reflect any reference to Ms. Pace. The only reference to depositions are Mr. Campbell and Mr. White, as pointed out above.

In Mr. Hayes' affidavit (Docket Entry No. 106-9), in support of his motion for partial summary judgment, he stated that much to his shock and dismay during the course of the Continental depositions in Little Rock, he discovered there was absolutely no doubt in anyone's mind at Continental that defendant Fitzgerald was in fact disqualified on the dates in question, and that when Continental denied in its answer of September 30, 2004 and in its' responses of October 1, 2004, that defendant Fitzgerald was disqualified, Continental actually knew that the representations it was making in those pleadings were untrue.

An experienced counsel would undoubtedly take a certain amount of notes during a deposition of witnesses, and the Magistrate Judge finds that the amount of time claimed for summarizing depositions to be excessive. Just as depositions were undoubtedly taken for purposes other than the motion for partial summary judgment, it is also clear to the Magistrate Judge that the

5

summarization of the various depositions would be for purposes other than this particular motion. Considering the length of the White and Campbell depositions, which apparently are the only two relevant to this matter, the Magistrate Judge believes that 6 hours would be a relatively generous allowance for a review and summary of these two depositions.

Accordingly, the Magistrate Judge believes that 4 hours at $200 per hour should be allowed for Mr. Lehman's review of these depositions, and that two hours at $250 per hour should be allowed for Mr. Hayes' review of these depositions, making a recommended award for review of the depositions of $1,300.

The remaining item is what time would reasonably be necessary to prepare the motion for partial summary judgment and for attorneys' fees. Mr. Hayes has claimed a total of 33 hours in preparing the motion for summary judgment. Working this 33 hours, the 4.8 hours on 7-6-05 is not broken down as to how much was spent meeting with co-counsel, or spent summarizing the depositions, or how much was spent beginning the outline for the motion for summary judgment. Likewise, the entry of 7-7-05 of 2.8 hours does not break down the time spent summarizing and the time spent on research regarding the summary judgment, and finally, the entry of 7-16-05 of 1.2 hours does not break down the status call with the client about the pending matter and future strategy and revising and editing the motion for summary judgment.

The Magistrate Judge finds that this claim of time for what is a relatively straightforward motion for partial summary judgment is excessive. The motion itself is only 2½ pages, after discounting the captions, the signatures, and the certificates of service. The memorandum in support thereof is approximately 15 pages in length (Docket Entry No. 108), and has attached to it

6

exhibits totaling approximately 95 pages (Docket Entry No. 106-2 through 106-9), as well as a statement of undisputed material facts of some 14 pages.

The subject matter of the motion is straightforward and the law is uncomplicated. Given the testimony of Mr. White and Mr. Campbell, it could be akin in some respects to shooting fish in a barrel. Interestingly enough, Continental made no defense to the motion itself. They only objected to the imposition of fees.

Accordingly, the Magistrate Judge finds that the time claimed in preparing such a straightforward motion is excessive. The Magistrate Judge believes that this motion could have been easily completed in 16 hours and that a good portion of the work should have been accomplished by Mr. Lehman.

The Magistrate Judge, accordingly, will recommend that 10 hours be allocated at Mr. Lehman's hourly rate of $200 for a fee of $2,000, and that 6 hours be allocated to Mr. Hayes hourly rate of $250 for a fee of $1,500. This makes the fee for preparing the motion $3,500. Combining this with the time needed to summarize the record, the Magistrate Judge believes a total award of $4,800 is a reasonable fee in this matter.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that plaintiffs be awarded against Continental Express attorneys' fees in the amount of $4,800.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said

7

objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g</u> <u>denied</u>, 474 U.S. 1111 (1986).

      **ENTERED** this 3rd day of October, 2005.

                              <u>/s/ Joe B. Brown         </u>
                              JOE B. BROWN
                              United States Magistrate Judge