IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JAIMEE UNDERWOOD, et al. )
)
v. ) NO. 3:04-0680
) JUDGE CAMPBELL
JAMES FITZGERALD, et al. )

MEMORANDUM

Pending before the Court are Plaintiffs Jesse and Vera Dedman's Motion for Partial Summary Judgment (Docket No. 136) and Plaintiffs' Motion to Present Oral Argument (Docket No. 142). For the reasons stated herein, Plaintiffs' Motion for Partial Summary Judgment (Docket No. 136) is GRANTED, and Plaintiffs' Motion to Present Oral Argument (Docket No. 142) is moot.

FACTS

This action arises from a fatal traffic accident in Nashville, Tennessee, on July 19, 2004. Plaintiffs contend that Defendant Fitzgerald, driving a fully-loaded tractor trailer owned by Defendant Continental Express, Inc. ("Continental"), crashed into Officer Christi Dedman's parked patrol car in the emergency lane on the inside left shoulder of Interstate 40 in Nashville, crushing Plaintiff Underwood and Officer Dedman between Underwood's car and Dedman's police car. As a result of this crash, Officer Dedman was killed and Plaintiff Underwood was severely injured.

It is undisputed that Officer Dedman had stopped and parked to help a disabled motorist, Plaintiff Underwood, whose right front tire had blown out. Docket No. 160, ¶¶ 3 and 5. It is undisputed that Officer Dedman was acting in the course and scope of her duty as a police officer, pursuant to and in compliance with Metropolitan Nashville Police Department's General Order to stop and render aid to disabled motorists, at the time of this incident. Id., ¶ 6.

Plaintiffs assert that Officer Dedman's patrol car's emergency blue lights were activated at the time of the wreck,[1] and Defendants admit that its flashers were activated at that time. Docket No. 160, ¶¶ 9 and 10. It is undisputed that the weather was clear and the pavement was dry. Id., ¶ 12. Defendant Fitzgerald admitted there was nothing obstructing his view and that the traffic was not heavy. Docket No. 140, Exs. C and D.

It is undisputed that Defendant Fitzgerald pled and was found guilty of felony reckless vehicular homicide, pursuant to Tenn. Code Ann. § 39-13-213, in connection with the taking of Officer Dedman's life. Docket No. 160, ¶ 15. This Court has also found that Defendant Fitzgerald was disqualified to drive a commercial motor vehicle at the time of this wreck. Docket Nos. 133-134.

Both Defendants have alleged, in response to Plaintiffs Jesse and Vera Dedman's Complaint, the affirmative defense of comparative fault of Officer Dedman and of the Metropolitan Government of Nashville/Davidson County. Docket Nos. 49 and 104. Plaintiffs Jesse and Vera Dedman, parents of Christi Dedman, have moved for partial summary judgment on this affirmative defense of comparative fault.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[1] It is unclear whether Defendants deny that the blue lights were activated or simply deny that Officer Dedman's car was legally parked. See Docket No. 160, ¶ 9. The Metro Traffic Collision Report states that the emergency blue lights were activated. Docket No. 140, Ex. A.

of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## DISCUSSION

Under Tennessee law, the driver of an authorized emergency vehicle may park or stand in the roadway but is not relieved of the duty to drive with due regard for the safety of all persons. Tenn. Code Ann. § 55-8-108.

When approaching a stationary authorized emergency vehicle, when such vehicle is giving a signal by use of flashing lights, a person who drives an approaching vehicle must proceed with due caution, yield the right-of-way by making a lane change into a lane not adjacent to that of the authorized emergency vehicle (if possible with due regard to safety and traffic conditions), if on a highway having at least four lanes with not less than two lanes proceeding in the same direction as the approaching vehicle; or proceed with due caution, reduce the speed of the vehicle, and maintain a safe speed for road conditions, if changing lanes would be impossible or unsafe. Tenn. Code Ann. § 55-8-132(b).

3

Pursuant to General Order 96-6 of the Nashville/Davidson County Police Department, officers must offer aid and assistance to any motorist or pedestrian who is found to be stranded, ill, lost or otherwise disabled on the roadway. Specifically, an officer encountering a stranded or disabled motorist on the highway "shall establish a protected area for the vehicle and its occupants by tactically placing their vehicle with the emergency lights and flashers in full operation. The officer may employ the use of cones and other devices as needed." Docket No. 162, Ex. B.

Tennessee law defines vehicular homicide as the reckless killing of another by the operation of a motor vehicle as the proximate result of conduct creating a substantial risk of death or serious bodily injury to a person. Tenn. Code Ann. § 39-13-213(a).

In order to establish their affirmative defense of comparative fault against Jesse and Vera Dedman, Defendants must prove a *prima facie* case of negligence against Officer Christi Dedman and/or the Metropolitan Government of Nashville/Davidson County ("Metro"). Free v. Carnesale, 110 F.3d 1227, 1231 (6th Cir. 1997). To establish a *prima facie* claim of negligence, Defendants must show: (1) a duty of care; (2) conduct falling below the applicable standard of care that amounts to a breach of that duty; (3) injury or loss; (4) causation in fact; and (5) proximate, or legal, causation. Staples v. CBL & Associates, Inc., 15 S.W.3d 83, 89 (Tenn. 2000).

If a jury found either Dedman or Metro to be negligent, it could apportion to Dedman and/or Metro the liability/fault for the fatal injuries Officer Dedman suffered and the resulting damages of Plaintiffs Jesse and Vera Dedman. McIntyre v. Ballentine, 833 S.W.2d 52, 57-58 (Tenn.1992). However, a jury may not apportion liability to Officer Dedman or Metro if Dedman and Metro were not negligent, as that term is defined above.

4

The Court finds that no reasonable jury could find, on the undisputed facts herein, that any conduct of either Officer Dedman or Metro was a proximate cause of the wreck and resulting fatal injuries to Officer Dedman. As indicated above, it is undisputed that Officer Dedman, acting in the course and scope of her duty as a police officer, pursuant to and in compliance with Metropolitan Nashville Police Department's General Order, had stopped to render aid to a disabled motorist. It is undisputed that, pursuant to Tennessee law, Officer Dedman had the authority to park her vehicle on or near the roadway and that Defendant Fitzgerald, as an approaching motorist, had a duty to slow down, use due caution, and change lanes if at all possible to move away from the police vehicle. It is undisputed that nothing was obstructing Defendant Fitzgerald's vision of the police car on this clear, dry day, and that Officer Dedman's car had emergency flashers on. No reasonable jury could find that Defendant Fitzgerald could not have seen Officer Dedman's car.

It is undisputed that Defendant Fitzgerald did not slow down or move over to another lane before colliding with the police car. It is undisputed that Defendant Fitzgerald pled guilty (and thus admitted) to the reckless killing of Officer Dedman by the operation of a motor vehicle as the proximate result of conduct creating a substantial risk of death or serious bodily injury to a person.[2] Under no theory advanced by Defendants was the conduct of Officer Dedman a legal cause of this wreck, given Defendants' conduct.

Even if a jury found that Officer Dedman or Metro was somehow negligent, for the reasons stated in <u>Kellner v. Budget Car and Truck Rental, Inc.</u>, 359 F.3d 399, 403-404 (6th Cir. 2004), any negligence of Dedman or Metro in training, instructing, requiring or carrying out the aid to a

---

[2] Although a plea of guilty is generally not conclusive on the issues in a subsequent civil action, it is competent evidence as an admission against interest. <u>Grange Mut. Casualty Co. v. Walker</u>, 652 S.W.2d 908, 910 (Tenn. Ct. App. 1983).

5

disabled motorist in this case was superseded by Defendant Fitzgerald's undeniable and unforeseeable negligence in running into Officer Dedman's patrol car, which was the proximate cause of this wreck.

In Kellner, the court noted that, through Carney v. Goodman, 270 S.W.2d 572, 576 (Tenn. Ct. App. 1954), "Tennessee [has] adopted a special rule about proximate causation in standing vehicle cases." Kellner, 359 F.3d at 404 (citing Carney, 270 S.W.2d at 576). Under this rule, it is unforeseeable as a matter of law that someone would drive into a plainly visible standing vehicle. Id. In addition, as found in Carney and Kellner, the operator of a vehicle that crashes into a vehicle negligently left standing in an unsuitable stopping place provides the proximate cause of any resulting injuries if the operator could see the standing vehicle in time to avoid a collision. Id.

No reasonable jury could find that the conduct of Officer Dedman or Metro was the proximate cause of this wreck.[3] Proximate cause is an essential element of Defendants' affirmative defense of comparative fault (negligence), and summary judgment is appropriate when an essential element of negligence is missing. Kellner, 359 F.3d at 406. Consequently, the Court concludes that, as a matter of law, Defendants have not carried their burden of showing comparative fault on the part of Officer Dedman or Metro.

---

[3] Proximate cause is a jury question unless the uncontroverted facts and inferences to be drawn from them make it so clear that all reasonable persons must agree on the proper outcome. Kellner, 359 F.3d at 406.

6

Case 3:04-cv-00680   Document 170   Filed 10/27/05   Page 6 of 7 PageID #: 1033

For these reasons, the Court need not reach Plaintiffs' arguments concerning the public duty doctrine or Defendant's claim of special duty exception, which are unnecessary to this decision.[4] In addition, because its decision is based upon undisputed facts and the law, the Court finds that no additional factual discovery would change its legal ruling on this issue, and Defendants' request for additional discovery is denied.

## CONCLUSION

For the reasons stated above, Plaintiffs Jesse and Vera Dedman's Motion for Partial Summary Judgment (Docket No. 136) on Defendants' affirmative defense of comparative fault of Officer Dedman and Metro is GRANTED. Plaintiffs' Motion to Present Oral Argument (Docket No. 142) is moot.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[4] Furthermore, Defendants' reference to Tenn. Code Ann. § 29-20-202(a) concerning removal of immunity for negligent operation of a vehicle is irrelevant if that negligent operation was not the proximate cause of harm.