IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

JAIMEE UNDERWOOD, et al. )
)
v. ) NO. 3:04-0680
) JUDGE CAMPBELL
JAMES FITZGERALD, et al. )

MEMORANDUM

Pending before the Court is Plaintiff Underwood's Second Motion for Summary Judgment (Docket No. 173). For the reasons stated herein, Plaintiff's Motion is GRANTED in part and DENIED in part. Judgment is granted for Plaintiff Underwood against Defendant Fitzgerald on the issue of Defendant Fitzgerald's recklessness in the incident of July 19, 2004, at issue herein.

FACTS

This action arises from a fatal traffic accident in Nashville, Tennessee, on July 19, 2004. Plaintiffs contend that Defendant Fitzgerald, driving a fully-loaded tractor trailer owned by Defendant Continental Express, Inc. crashed into Officer Christi Dedman's parked patrol car in the emergency lane on the inside left shoulder of Interstate 40 in Nashville, crushing Plaintiff Underwood and Officer Dedman between Underwood's car and Officer Dedman's police car. As a result of this crash, Officer Dedman was killed and Plaintiff Underwood was severely injured.

Defendant Fitzgerald has admitted that, as a result of this incident, he was indicted by the Davidson County Grand Jury on charges of vehicular homicide and aggravated assault and that the indictment resulted in criminal proceedings against him in the Criminal Court for the Twentieth Judicial District in Nashville. Docket No. 186, ¶ 2. Defendant Fitzgerald has also admitted that, on April 15, 2005, he filed in the criminal proceedings referenced above a Petition to Accept a Plea of Guilty to the charges in the indictment, vehicular homicide and aggravated assault. Id., ¶ 4.

In his Petition to Accept a Plea of Guilty, Defendant Fitzgerald stated under oath that he made no claims of being innocent of either count of the indictment (vehicular homicide or aggravated assault) and, in fact, admitted that he had done the acts stated in the indictment. Id., ¶¶ 5 and 6. In addition, Defendant Fitzgerald, at a hearing on April 15, 2005, stood before the Criminal Court Judge and swore under oath that the statements set forth in his Petition to Accept a Plea of Guilty were true. Id., ¶ 8.

Defendant Fitzgerald has admitted that he pled guilty to the charges set forth in the indictment because he was guilty of those charges. Id., ¶ 10. Following the April 15, 2005 hearing, the criminal court in Nashville convicted Defendant Fitzgerald of vehicular homicide by reckless conduct and aggravated assault by reckless conduct. Id., ¶ 11. Plaintiff Underwood has moved for partial summary judgment on the issue of Defendant Fitzgerald's recklessness, based upon the doctrines of collateral estoppel and/or judicial estoppel.

## SUMMARY JUDGMENT

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

To prevail, the non-movant must produce specific evidence that demonstrates there is a genuine issue of material fact for trial. Meyers, 341 F.3d at 466. A mere scintilla of evidence is

2

insufficient; there must be evidence on which the jury could reasonably find for the non-movant. Id. The non-moving party may not rest on mere allegations but must set forth specific facts showing that there is a genuine issue for trial. Hopson, 306 F.3d at 432.

## COLLATERAL ESTOPPEL

Defendant Fitzgerald has asserted that Tennessee law, not federal law, applies to the collateral estoppel issue because Tennessee is the forum in which the prior judgment was rendered. Docket No. 187, pp. 2-3. And, as Defendant points out, in Tennessee, acceptance of a guilty plea in a criminal case is not conclusive on the issue in a subsequent civil action. Grange Mut.Casualty Co. v. Walker, 652 S.W.2d 908, 910 (Tenn. Ct. App. 1983).

In her Reply, Plaintiff Underwood has not rebutted this assertion by Defendant. The Court finds that, based upon Tennessee law, Plaintiff's Motion for Summary Judgment based upon collateral estoppel is DENIED.

## JUDICIAL ESTOPPEL

Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by that same party in an earlier proceeding. Pennycuff v. Fentress County Bd. of Educ., 404 F.3d 447, 452 (6th Cir. 2005). Federal standards govern the application of judicial estoppel in federal court. Id.

The doctrine of judicial estoppel bars a party from asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition. Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002). The purpose of judicial estoppel is to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship,

3

achieving success on one position, and then arguing the opposite to suit the exigency of the moment. Hickory Specialties, Inc. v. Forest Flavors Int'l, Inc., 12 F.Supp.2d 760, 771 (M.D. Tenn. 1998) (quoting Warda v. Comm'r of Internal Revenue, 15 F.3d 533, 538 (6th Cir. 1994)).

Unlike collateral/equitable estoppel, judicial estoppel may be applied even if detrimental reliance or privity does not exist. Edwards v. Aetna Life Ins. Co. 690 F.2d 595, 598 (6th Cir. 1982). The doctrine does not require a finding that an opponent relied on the position taken by the party in the earlier litigation, and it does not require a showing of mutuality. Warda, 15 F.3d at 538.

In determining whether to apply the doctrine of judicial estoppel, the Court looks at three factors: (1) whether the party's later position is clearly inconsistent with its earlier position; (2) whether the party successfully persuaded a court to accept his previous position; and (3) whether the party seeking to assert the inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. Pennycuff, 404 F.3d at 452-53.

Here, Defendant Fitzgerald has admitted that, in the prior state court criminal proceeding, under oath, he took a position that is inconsistent with a claim that he was not reckless. In the prior proceeding, Defendant Fitzgerald unequivocally admitted that he committed the acts alleged in the indictment for vehicular homicide and aggravated assault. The Tennessee statute defines vehicular homicide as "the reckless killing of another by the operation of an automobile, airplane, motorboat or other motor vehicle." Tenn. Code Ann. § 39-13-213. The Tennessee statute defines "aggravated assault" as intentional, knowing or reckless assault. Tenn. Code Ann. § 39-13-102. Pleading guilty to vehicular homicide and aggravated assault under the criminal statutes is inconsistent with claiming no recklessness for the same behavior.

4

In addition, Defendant successfully persuaded the state criminal court to accept his admissions of guilt, because it accepted his guilty plea and adjudged Defendant Fitzgerald guilty of vehicular homicide by reckless conduct and aggravated assault by reckless conduct. Allowing Defendant Fitzgerald to assert an inconsistent position here would impose an unfair detriment on the Plaintiffs.

The Court finds that Defendant Fitzgerald is judicially estopped to deny that his conduct on July 19, 2004, which resulted in the death of Officer Dedman and the injury of Plaintiff Underwood, was reckless. Accordingly, Plaintiff Underwood's Second Motion for Summary Judgment on the issue of recklessness is GRANTED as to Defendant Fitzgerald, and judgment is entered for Plaintiff Underwood against Defendant Fitzgerald on that issue.

As for Defendant Continental Express, Inc. ("Continental"), the Court finds that Plaintiff Underwood's Motion for Summary Judgment should be DENIED. Defendant Continental did not take an inconsistent position under oath in any prior proceeding or successfully persuade a court to accept such a position. According, judicial estoppel does not apply to Continental.

## CONCLUSION

Plaintiff Underwood's Second Motion for Summary Judgment (Docket No. 173) is GRANTED as to Defendant Fitzgerald and DENIED as to Defendant Continental.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE